I dissent. I am authorized to state that Justice Johnson joins this dissent.

STATE of Vermont v. Ronald B. ROONEY

[788 A.2d 490]

No. 00-437

November 7, 2001. Defendant Ronald Rooney appeals from an order of the district court denying his motion to

dismiss a charge of inciting another to aid in the commission of a felony. Defendant argues that even if all the facts alleged by the State are true, such allegations do not amount to a crime. Despite defendant's attempt to characterize his motion as a challenge to the sufficiency of the evidence pursuant to V.R.Cr.P. 12(d), the motion is more akin to a challenge of the initial determination of probable cause set forth in V.R.Cr.P. 4(b) and 5(c). Accepting the facts alleged by the State as true, we conclude that the actions defendant solicited from his would-be accomplice would have been a felony had they been completed. Accordingly, we affirm.

Based on the affidavit of probable cause, the facts are as follows. Defendant offered his niece, T.S., $100 in return for her allowing him to have sex with her eight year old daughter. Defendant told T.S. that her daughter would have to bathe and be clean beforehand. T.S. told the defendant no, because her daughter was too small and defendant was too old. She then reported defendant's offer to the Chittenden Unit for Special Investigations. Defendant was charged with a violation of 13 V.S.A. § 7, which punishes "[a] person who endeavors to incite, procure or hire another person to commit a felony, though a felony is not actually committed as a result of such inciting, hiring or procuring." The felony referenced in this charge was aggravated sexual assault in violation of 13 V.S.A. § 3253(a)(8).*

---

* Defendant was also charged with attempted aggravated sexual assault based on the same facts. This count was dismissed by the district court in response to defendant's motion on the grounds that defendant had not proceeded beyond preparation for the intended acts and those steps were not enough to be an attempt. That charge is not part of this appeal.

Defendant brought a motion to dismiss pursuant to V.R.Cr.P. 12(d). The court denied the motion, holding that "[t]he crime was committed if, as alleged, the defendant endeavored to have T.S. aid him in the commission of a sexual assault by making her child available to him." The case proceeded to a jury trial and defendant was convicted. Defendant now appeals from the court's denial of his motion to dismiss. On appeal, he raises three related arguments. First, he claims that the court did not properly address his motion pursuant to Rule 12(d); next, he contends that even if the court did address his 12(d) argument, the court relied on inadmissible evidence; finally, defendant raises the substantive argument that the State could not make out a prima facie case for the offense charged.

Defendant's argument as described in his appeal brief is that "even if the State proved everything it alleged in the Information, the proved facts would still not amount to the offense stated in the Information." Rule 12(d), however, is the motion appropriate when "the prosecution is unable to make out a prima facie case . . . . The motion shall specify the factual elements of the offense which the defendant contends cannot be proven at trial." Both in his motion to the district court and again on appeal, defendant does not claim that there are facts that the State cannot prove in order to satisfy the elements of the crime. Rather, defendant argues that even accepting as true all the facts alleged, those facts are not a crime. Defendant is thus incorrect when he argues that the trial court failed to address his Rule 12(d) motion properly, because he submitted a Rule 12(d) motion in name only. In reality, his motion raised the issue addressed in a Rule 4(b) or 5(c) proceeding to determine probable cause. Rule 4(b) states that no information shall issue unless "there is probable cause to believe that an offense has been committed and that the defendant has committed it. The finding of

508

probable cause shall be based upon substantial evidence, which may be hearsay in whole or in part . . . ." The trial court addressed precisely what the defendant asked of the court — to determine whether, given the facts as alleged, an offense had been committed. Thus, the court did not misperceive the nature of defendant's motion to dismiss in disposing of the motion in the manner the court did.

There is no merit, therefore, to defendant's claim that the court relied on inadmissible hearsay evidence in denying the motion to dismiss. Defendant correctly highlights that in response to a Rule 12(d) motion to dismiss by a defendant, the prosecution must counter with "admissible evidence." V.R.Cr.P. 12(d)(2). In denying defendant's motion in this case, the court relied on the affidavit of the investigating police officer, which defendant claims contained inadmissible hearsay evidence. Assuming for the moment that statements in the affidavit are inadmissible hearsay, there was no error, because, as discussed above, defendant's motion was not a Rule 12(d) motion. Instead, the motion should be treated according to the rules set forth for a finding of probable cause. Rule 4 makes clear that a determination of probable cause may be based on evidence that is "hearsay in whole or in part." V.R.Cr.P. 4(b). Therefore, in analyzing defendant's motion to dismiss, the court was free to look to hearsay evidence in the investigating police officer's affidavit.

We turn to the merits of defendant's contention that the alleged facts, if proven, are not a crime. The information alleged that defendant "endeavored to incite another to aid in the commission of a felony, to wit: inciting T.S. to allow Ronald Rooney to have sexual intercourse with her child, J.S. in violation of 13 V.S.A. § 3; § 7; and § 3253(a)(8)." In other words, defendant solicited T.S. to commit the felony (prohibited by 13 V.S.A. § 7) of being an accomplice (pro-

hibited by § 3) to defendant's aggravated sexual assault (prohibited by § 3253(a)(8)). Accomplice liability arises "when several persons combine under a common understanding, and with a common purpose, to do an illegal act." *State v. Hudson*, 163 Vt. 316, 319, 658 A.2d 531, 533 (1995). See also *State v. Carter*, 138 Vt. 264, 268, 415 A.2d 185, 187 (1980) (accomplice liability requires that defendant "knowingly and intentionally participated to some substantial measure in . . . a common criminal objective." (internal quotations omitted)).

Defendant argues that even if T.S. did everything that defendant asked of her, this would not give rise to accomplice liability; therefore, defendant could not have incited her to commit a felony. He focuses principally on the claim that T.S. did not have the requisite intent nor did she participate to a sufficient degree to make her an accomplice to the proposed aggravated sexual assault. As the trial court stated, defendant relies on a "hyper-technical" argument, which bears no relation to the facts of this case. He contends that T.S.'s proposed role was too passive for her to be considered an accomplice — the information states that defendant requested that T.S. "allow" her daughter to be sexually assaulted. We disagree with defendant that giving permission for an eight year old to be sexually assaulted is not enough of an act to create criminal accomplice liability.

It is elementary that parents have a duty to protect their children from abuse. See, e.g., *In re J.J.P.*, 168 Vt. 143, 148, 719 A.2d 394, 397 (1998) (parental rights terminated based in part on evidence of mother's inability to protect children from harm and neglect). A parent's failure to act can violate this duty. See *State v. Valley*, 153 Vt. 380, 390, 571 A.2d 579, 584 (1989) (parents can be guilty of manslaughter for failure to obtain medical care for child). We are dealing in this case with an eight year old girl. For T.S. to "allow" defendant to sexually

assault her daughter would gravely neglect her duty to protect her child from harm. Moreover, from the affidavit of probable cause it appears that defendant was asking more of T.S. than simply standing by — in fact he asked her to bathe and clean her daughter before presenting J.S. to him so that he could complete the felony of sexual assault. Under any version of these facts, there can be no dispute that had T.S. fulfilled defendant's request she would have participated substantially in defendant's sexual assault. Likewise, there is no merit to the argument that T.S. did not have the requisite intent for accomplice liability because defendant made it explicitly clear to T.S. what he sought to do with J.S. Thus had she handed her child over to defendant, she would have intended that her daughter be sexually assaulted by defendant.

*Affirmed.*